White, J.
The first ground of error alleged is founded upon a misconception of the nature of the action. The objection assumes that the action is brought for relief, on the ground of fraud; and that, consequently, the right to maintain it is limited by section 15 of the code.
But such is not the nature of the action. The case is, in point of fact, an application by the plaintiffs for the specific performance of the agreement entered into between David Butler and Barak, his father. The nature of the action is the same as it would have been had Barak not conveyed, and the action had been brought against him or his heirs for the specific performance of the agreement.
Where there is a contract of sale, equity regards the vendor as holding the legal estate in trust for the purchaser, upon the terms of the contract; and all persons taking the legal estate, with notice, hold it subject to the same trust.
*191 But until the purchaser has perfected his equity, by performance of the contract on his part, he is not entitled to the legal estate, either as against the vendor or his grantee.
2. The second ground of error is, we think, well taken.
The same erroneous view as to the nature of the action that lies at. the foundation of the objection just considered, seems to have been adopted in holding that the plaintiffs ■were competent witnesses to testify to facts ocenrriug before the death of Barak Butler, the defendant’s grantor.
The action appears to have been1 regarded as brought to set aside the conveyances made to the defendants, Mosher,, and Mrs. Wells, and hence that the plaintiffs were rendered competent to testify as they did, under the proviso in section 313 of the code, as amended March 23, 1875 (72 Ohio, 77).
The section is as follows :
“No party to a civil action shall be allowed to testify by virtue of section three hundred and ten, in any action where the adverse party ... is a party claiming or defending as heir, grantee, or devisee of a deceased person, except in the following cases : provided that nothing herein contained shall be so construed as to prevent any and all, the heirs, grantees, and legatees from testifying in cases to contest the validity of, or to set aside, a will or deed of any ancestor or grantor under whom they may claim title.”
Under the language contained in the body of the section, the plaintiffs were clearly rendered incompetent. They were parties, and.the defendants, against -whom they testified, were defending as grantees of a deceased person.
Do they come within the proviso?
It seems plain to us they do not.
The proviso applies only to a case for setting dside the will or deed of a deceased person.
The heirs, legatees, and grantees mentioned in the proviso, are such as derive title from the same person. And where a party does not claim under a will or deed, he must, to come within the proviso, claim as heir of the testator or grantor whose will or deed is sought to be set aside.
*192 The plaintiffs do not claim title to the lands in controversy under a will or .deed of Barak Butler, nor do they claim as his heirs. They derive their title as heirs of David Butler, and the claim which they assert is, in its nature, adverse to the heirs of Barak, as well as to his grantees.
Leave granted, judgment reversed, and case remanded for a new trial.